UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MICHAEL BRADLEY WESTOVER,     )
              )
         Petitioner,     )
              )
       v.       )     No. 2:18-cv-00158-JMS-DLP
              )
J. E. KRUEGER Warden,     )
              )
         Respondent.     )

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Michael B. Westover seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Mr. Westover asserts that he is no longer an armed career criminal under the Armed Career

Criminal Act ("ACCA") because his two prior Wyoming burglary convictions do not qualify as

violent felonies in view of *Mathis v. United States*, 136 S. Ct. 2243 (2016). His petition is **denied**.

## I.     Standard

To succeed on a motion for relief under § 2241, a motion pursuant to 28 U.S.C. § 2255

must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the

petitioner must rely on a case of statutory interpretation (because invoking such a case cannot

secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable

and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage

of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964

(7th Cir. 2017). "The petitioner bears the burden of coming forward with evidence affirmatively

showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC

Coleman–Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

## II.     Legal Background

The ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony" or "serious drug offense."   18 U.S.C. § 924(e)(1).   The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).   These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause.   In 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA was unconstitutionally vague.   *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).   In 2016, the Supreme Court discussed applying a modified categorical approach when analyzing whether past convictions are counted under the enumerated clause of the ACCA.   *Mathis*, 136 S. Ct. at 2243.

## III.     Factual and Procedural Background

On May 15, 2006, Mr. Westover pleaded guilty in the District of Wyoming to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).   *United States v. Cotton et al.*, 2:04-cr-00171-CAB-4 (D. Wyo.) (hereinafter, "Crim. Dkt."), Crim. Dkt. 124.

The United States Probation Office filed a presentence report in preparation for sentencing. Dkt. 10.   Using the 2005 edition of the Sentencing Guidelines, the Probation Office determined that being a felon in possession of a firearm provided for a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).   *Id.* at 8, ¶ 13.   That level was increased by two under § 2K2.1(b)(4) because Mr. Westover possessed a stolen firearm.   That level was further enhanced by two because Mr.

Westover obstructed justice by escaping from custody. His adjusted offense level was 28. *Id.* at ¶ 18. In addition, the Probation Office found Mr. Westover to be an armed career criminal, subject to an enhanced sentence under 18 U.S.C. § 924(e). *Id.* ¶ 22. As an armed career criminal, his offense level was 30, and he was subject to a mandatory sentence of not less than 15 years up to life imprisonment. *Id.* ¶¶ 21, 60. The convictions supporting the armed career criminal designation included two 1985 burglary convictions, a 1985 burglary conviction, a 1990 delivery of cocaine conviction, a 2003 escape conviction, and a 1996 attempted escape conviction. *Id.* ¶ 20. That offense level combined with a criminal history Category VI resulted in a Guidelines custody range of 168 to 210 months' imprisonment. *Id*. at 17, ¶ 61. However, because the statutory mandatory minimum term of imprisonment was 15 years, the Guideline range became 180 to 210 months' imprisonment. *Id.*

Mr. Westover objected to the Probation Office's finding that he qualified as an armed career offender, arguing that his 1985 burglary convictions were not violent felonies under the ACCA because they did not involve a dwelling or a threat of violence. *Id.* at 19. The probation officer's response was that "any generic burglary qualifies, and the analysis is not limited to burglaries of dwellings." *Id.* at 20 (citing *Taylor v United States*, 495 U.S. 575 (1990)).

Ultimately, the sentencing court found Mr. Westover's prior convictions qualified as predicate offenses under the ACCA and sentenced him to the statutory minimum of 180 months' imprisonment. Crim. Dkt. 131; Crim. Dkt. 132. Mr. Westover did not appeal his conviction or sentence.

On May 4, 2016, Mr. Westover filed a motion to vacate pursuant to 28 U.S.C. § 2255 arguing that, pursuant to *Johnson*, his predicate offenses no longer fit under the ACCA. Crim. Dkt. 189; *Westover v. United States*, No. 1:16-cv-112-S (D. Wyo.). The district court denied his

motion, finding that *Johnson* was inapplicable because Mr. Westover's prior convictions were predicate offenses under the "enumerated" clause of the ACCA, and not the "residual" clause. Crim. Dkt. 191. The Tenth Circuit denied Mr. Westover's appeal. *Westover v. United States*, 713 Fed. Appx. 734 (10th Cir. 2017). The Tenth Circuit noted that Mr. Westover's burglary convictions were for generic burglaries as the charging documents referenced entries of "a dwelling," a high school "building," and another "building." *Id.* at 738-39.

Mr. Westover now files a petition under § 2241 challenging his sentence.

## IV.     Discussion

Citing *Mathis*, Mr. Westover challenges his conviction as an armed career criminal, arguing that his prior convictions for Wyoming burglary, escape, and attempted escape no longer qualify as "violent felony" offenses under the Armed Career Criminal Act. *See* dkt. 1. Mr. Westover does not challenge his 1990 drug conviction. The United States filed a response in opposition and did not contest that Mr. Westover's escape convictions do not qualify towards his ACCA enhancement. Dkt. 9.

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

### A.     Statutory-Interpretation Case

The Government cannot dispute that Mr. Westover meets the first savings clause requirement. Dkt. 9 at 7-8 ("At best, while Westover may meet the first two *Davenport* factors to show a structural problem, but he cannot show the third."). This is because Mr. Westover challenges his sentence under *Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was

"whether the statutory alternatives were means or elements"). The Court finds that Mr. Westover meets the first savings clause requirement.

### B. Retroactivity

Next, the Government does not strongly dispute that Mr. Westover meets the second savings clause requirement. Dkt. 9 at 7-8 ("At best, while Westover may meet the first two *Davenport* factors to show a structural problem, but he cannot show the third."). The Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted). Thus, the second savings clause requirement is not a barrier to further review.

### C. Miscarriage of Justice

The final question is whether there has been a miscarriage of justice. Mr. Westover challenges his sentencing as an armed career criminal. The ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony" or "serious drug offense." *Mathis*, 136 S. Ct. at 2248 (quoting § 924(e)(1)). If Mr. Westover is correct that he was erroneously classified as an armed career criminal and his sentence was wrongly enhanced, he was subjected to a miscarriage of justice because he should have faced only the felon-in-possession statute's 10-year maximum penalty. *See Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (finding misapplication of ACCA enhancement "... clearly constitutes a miscarriage of justice."); *Mathis*, 136 S. Ct. at 2248; § 924(a)(2); *see also Welch v. United States*, 604 F.3d 408, 412-13 (7th Cir. 2010) (recognizing that a sentencing error is cognizable on collateral review "where a change in law

reduces the defendant's statutory maximum sentence below the imposed sentence"). In other words, but for the ACCA conviction, Mr. Westover's sentence could be no more than 120 months.

The respondent argues that there is no miscarriage of justice in Mr. Westover's case because he remains an armed career criminal under the ACCA. Dkt. 9. Mr. Westover disagrees. Dkt. 1; dkt. 13.

1.     <u>Standard for Analyzing Predicate Offenses</u>

Mr. Westover alleges that he is not an armed career criminal because his prior Wyoming burglary convictions do not qualify as violent felonies. Dkt. 1 at 1. When examining if a crime qualifies as a "violent felony," courts apply a categorical approach when the statute underlying the conviction is indivisible. *Mathis*, 136 S. Ct. at 2248. Under the categorical approach, a court "'focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the crime referenced in the federal statute], while ignoring the particular facts of the case.'" *United States v. Elder*, 900 F.3d 491, 498 (citing *Mathis*, 136 S. Ct. at 2248). "A state crime may qualify as a predicate conviction only if the elements of the state crime mirror, or are narrower than, the elements of the generic crime." *Id.* at 501 (internal quotations and citations omitted.). "If [a] state law defines the offense more broadly than the [federal statute], the prior conviction doesn't qualify as a [predicate offense], even if the defendant's *conduct* satisfies all of the elements of the [federal] offense." *Id.* (internal quotations and citations omitted).

"The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248. The court "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.*

If, however, a statute is "divisible," a modified categorical approach applies. *Elder*, 900

F.3d at 502. A statute is "divisible" when it "sets out one or more elements of the offense in the

alternative—for example, stating that burglary involves entry into a building or an automobile."

*Descamps v. United States*, 570 U.S. 254, 257 (2013). As the Supreme Court explained in

*Descamps*,

> [i]f one alternative (say, a building) matches an element in the generic offense, but
> the other (say, an automobile) does not, the modified categorical approach permits
> sentencing courts to consult a limited class of documents, such as indictments and
> jury instructions, to determine which alternative formed the basis of the defendant's
> prior conviction.

*Id.* The Supreme Court in *Mathis* further instructs that there is a difference between alternative

elements of an offense and alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at

2250. Elements must be agreed upon by a jury. *Id.* at 2256. When a jury is not required to agree

on the way that a particular requirement of an offense is met, the way of satisfying that requirement

is a means of committing an offense, not an element of the offense. *Id.* "In determining whether

a statute is divisible, [the court] look[s] first to whether there is 'a decision by the state supreme

court authoritatively construing the relevant statute' and establishing which facts are elements and

which are means." *Elder*, 900 F.3d at 502 (internal quotations and citations omitted). "Absent a

controlling state-court decision, the text and structure of the statute itself may provide the answer."

*Id.* "Finally, [f]ailing those authoritative sources of state law, sentencing courts may look to the

record of a prior conviction itself for the limited purpose of distinguishing between elements and

means." *Id*. at 502-03.

2.      Mr. Westover's Wyoming Burglaries

Mr. Westover asserts that the Wyoming statute for burglary, Wyo. Stat. Ann § 6-3-301, is

indivisible and overbroad, and therefore cannot be a predicate offense for the ACCA. Dkt. 1 at 3-

4.  In response, the United States argues that the Wyoming statute is divisible, citing to Wyoming's Pattern Jury Instructions from 2014 and to Mr. Westover's presentencing report.  Dkt. 9 at 9-10.  The Court preliminarily determined that Wyo. Stat. Ann § 6-3-301 was divisible and requested further supplementation.  Dkt. 14.  Mr. Westover supplemented with records of his prior burglary convictions in Wyoming.  Dkt. 17.

The Supreme Court has defined burglary as "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598.  A prior burglary can only constitute a "violent felony" if it meets the generic definition of burglary. *Id.*

At the time of Mr. Westover's burglary convictions, the Wyoming burglary statute provided that: "[a] person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit theft or a felony therein."  Wyo. Stat. Ann. § 6-3-301.  The text and structure of the statute reflect that "building," "occupied structure," and "vehicle" are alternate elements, and not alternate means, of an offense.  Additionally, the Wyoming Supreme Court has previously held that the term "occupied structure" includes occupied vehicles, and therefore the statute's separate reference to burglary of a "vehicle" stands alone as a distinct offense.  *Collins v. State*, 854 P.2d 688, 695-96 (1993).  For these reasons, the statute is divisible.

In contrast, the Iowa burglary statute, which was found to be indivisible in *Mathis*, defines burglary as when a person "(1) 'enters an occupied structure,' (2) 'having no right . . . to do so,' (3) with 'the intent to commit a felony.'"  *Mathis*, 136 S. Ct. at 2259 (citing Iowa Code § 713.1 (2013)).  "Occupied structure" is separately defined in a different statute as including any building, structure, land vehicle, water vehicle, air vehicle, or similar place. *Id.* (citing Iowa Code § 702.12).

Because Wyo. Stat. Ann. § 6-3-301 is divisible, the Court must apply the modified categorical approach and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of [Mr. Westover's] prior conviction[s]." *Descamps*, 570 U.S. at 257. Mr. Westover has submitted records in support of his 1985 and 1986 Wyoming burglary convictions, which reflect that:

- Mr. Westover was convicted of burglary for entering a dwelling and stealing alcohol on September 27, 1984, in Case No. 17-193, First Judicial District Court, Cheyenne, Wyoming, dkt. 17-1 at 2;

- Mr. Westover was convicted of burglary for entering a building and stealing a television, a video recorder, acetylene torches and welding tips, tin snaps and food on September 20, 1984, in Case No. 17-193, First Judicial District Court, Cheyenne, Wyoming, dkt. 17-1 at 2; and

- Mr. Westover was convicted of burglary for entering a building with the intent to commit a larceny or felony on March 31, 1985, in Case No. 17-271, First Judicial District Court, Cheyenne, Wyoming, dkt. 17-2 at 2.

Mr. Westover's three prior Wyoming convictions for burglary of a dwelling or building meet the generic definition of burglary. Thus, these convictions count as violent felonies under ACCA.

*Mathis* did not change this analysis. Therefore, Mr. Westover cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

## V.    Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**


Date: 11/13/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov